## Commonwealth v. Stenton Pharmacy et al.

*W. F. Knauer*, for plaintiff; *C. J. Green*, for Sarah Mayer, defendant.
*Ladner & Ladner*, for Leon A. Spielman and Louis May, defendants.

GORDON, JR., J., Nov. 15, 1928.—This is a bill in equity brought by the Commonwealth of Pennsylvania, at the suit of the Attorney-General, against Leon A. Spielman and Louis May, trading as Stenton Pharmacy, and Sarah Mayer. The proceeding is under section 7 of the Act of March 27, 1923, P. L. 34, known as the Prohibition Enforcement Act, and the bill prays for an injunction, enjoining and abating a certain "common and public nuisance," as defined in section 6 of said act, and alleged to exist upon premises situated at the southeast corner of Broad and Spruce Streets, in the City of Philadelphia; and for an injunction restraining the defendants from hereafter maintaining, or permitting the continuance of, said alleged nuisance, and prohibiting the use or occupancy of said premises for a period of one year from the date of said decree.

The bill avers that the defendant, Sarah Mayer, is the owner of said premises, and that the defendants, Spielman and May, trading as the Stenton Pharmacy, were "the proprietors of the business located on said premises or otherwise actively connected with the operation of the said nuisance;" that said premises are used and maintained as a place where intoxicating liquor is "manufactured, sold, offered for sale, bartered, furnished and possessed by the defendants, in violation of said Prohibition Enforcement Act, and is a common nuisance as defined by Section 6 thereof;" that on June 25, 28, July 2, 10 and 12, 1928, and at divers other times prior thereto and thereafter, the defendant habitually and continually, in violation of sections 6 and 7 of said act, manufactured, sold, offered for sale, bartered, furnished and possessed intoxicating liquors on said premises fit for beverage purposes and containing one-half of 1 per centum, or more, of alcohol by volume, and maintained said premises as a common nuisance; and that the said defendants, unless restrained by injunction, will continue to keep and maintain said premises in violation of said Prohibition Enforcement Act and as a public and common nuisance as aforesaid.

The defendants, Spielman and May, filed no answer to the averments of the bill, but upon hearing admitted all the specific acts of violation set up against them in the bill. The defendant, Sarah Mayer, in her answer to the averments of the bill, avers that she had no knowledge that such nuisance existed upon the said premises; that she is the owner of premises complained of as a nuisance; that the defendants, Spielman and May, trading as Stenton

Pharmacy, were, on the dates mentioned in the bill, the proprietors of the drug-store business located on said premises; that she has no knowledge that the said premises have been occupied and used in maintaining a common nuisance as defined and declared by section 6 of the said Prohibition Enforcement Act; that at no time did the plaintiff notify her that the premises were used and maintained as complained; that she "will immediately abate the said nuisance by the enforcement of her rights under the lease before referred to," and prays that the bill, as to her, be dismissed.

Under these pleadings, the following issue of fact is presented for our determination:

1. Whether the alleged violations of said Prohibition Enforcement Act and the existence of a common and public nuisance on said premises, as averred in the bill, have been established by the evidence.

### Findings of fact.

1. That the bill in equity in this case was filed Aug. 31, 1928, and served upon Leon A. Spielman, Louis May and Sarah Mayer, defendants, on Sept. 6, 1928, and that appearance has been entered for the said defendants by counsel.

2. That on Sept. 27, 1928, a hearing was held before this court, at which time all the defendants were represented by counsel and which hearing was, upon agreement of counsel, considered as a final hearing.

3. That two of the defendants, Leon A. Spielman and Louis May, trading as the Stenton Pharmacy, are now, and were at the time of the commencement of these proceedings and prior thereto, conducting a drug store at the southeast corner of Broad and Spruce Streets, in the City of Philadelphia, State of Pennsylvania.

4. That the defendant, Sarah Mayer, is the owner in fee of the premises located at and known as the southeast corner of Broad and Spruce Streets, in the Seventh Ward of the City of Philadelphia, the deed to said property being recorded in the Office for the Recording of Deeds in Philadelphia County, in Deed Book J. M. H., No. 2692, page 415, the said premises being more particularly described by metes and bounds in the bill in equity filed in this case.

5. That the defendants, Leon A. Spielman and Louis May, are, and were at the time of the commencement of these proceedings, the lessees of the said premises at the southeast corner of Broad and Spruce Streets, in the City of Philadelphia, under lease made and executed by or on behalf of the defendant, Sarah Mayer, for a term of eight years and two months beginning Sept. 1, 1927, at the annual rental of $6000 per annum, which rental was to increase after Oct. 1, 1929.

6. That the first or ground floor of said premises is equipped and stocked as a drug store and is a place to which the public, or any part of the public, desiring to enter may do so.

7. That the defendants, Leon A. Spielman and Louis May, trading as the Stenton Pharmacy, were the holders of a permit granted by the United States Government to dispense intoxicating liquors upon the conditions set forth in said permit.

8. It is admitted and agreed by counsel for the defendants that on June 25, 1928, the defendants at their said store, known as the Stenton Pharmacy, possessed and sold one bottle containing gin, which said gin had an alcoholic content of more than one-half of 1 per cent. by volume.

9. It is admitted and agreed by counsel for the defendants that on June 28, 1928, the defendants at their said store, known as the Stenton Pharmacy,

possessed and sold one bottle of gin, which said gin had an alcoholic content of more than one-half of 1 per cent. by volume.

10. It is admitted and agreed by counsel for the defendants that on July 2, 1928, the defendants at their said store, known as the Stenton Pharmacy, possessed and sold one pint bottle of red whiskey, which said whiskey had an alcoholic content of more than one-half of 1 per cent. by volume.

11. It is admitted and agreed by counsel for the defendants that on July 10, 1928, the defendants, at their said store, known as the Stenton Pharmacy, possessed and sold one bottle of gin, which said gin had an alcoholic content of more than one-half of 1 per cent. by volume.

12. It is admitted and agreed by counsel for the defendants that on July 12, 1928, the defendants at their said store, known as the Stenton Pharmacy, possessed and sold one pint bottle of whiskey, labeled "Scotch," which said whiskey had an alcoholic content of more than one-half of 1 per cent. by volume.

13. It is admitted and agreed by counsel for the defendants that on July 12, 1928, Federal prohibition agents entered the said Stenton Pharmacy and, in the presence of other Federal prohibition agents, served upon the defendant, Leon A. Spielman, a search warrant, and upon search of the said premises, the Federal agents found, in a hair-net case, directly back of the counter, three unlabeled one-pint bottles of alleged red whiskey and one pint bottle of whiskey labeled "Smuggler's Scotch" whiskey, which bottles of whiskey were produced in court.

14. It is admitted and agreed by counsel for the defendants, Leon A. Spielman and Louis May, trading as the Stenton Pharmacy, that the liquor purchased and seized was not liquor sold or possessed under the provisions of the Federal permit.

15. It is agreed by counsel for all parties that the liquor held by the defendants, Leon A. Spielman and Louis May, trading as the Stenton Pharmacy, under Federal permit, was properly accounted for.

16. That members of the police force of the City of Philadelphia, upon authority of search warrants, from time to time during the past two years, searched said Stenton Pharmacy, but at none of such times were able to detect a violation of law.

### Discussion.

It is unnecessary to discuss at length the evidence in this case. It is undisputed, and the habitual and repeated violations of law which it discloses are admitted. The defendants appeal, however, to the equitable discretion of the court to withhold the padlocking injunction because of the injury it would do to the legitimate drug business they conduct on the premises and in connection with which they illegally sold liquor. This appeal is without merit. The case is one which peculiarly warrants the application of the provisions of the law relating to padlocking. The defendants are druggists, who were licensed by the Government to dispense intoxicating liquors for medicinal purposes. Their license to possess and vend such liquors was granted only after an investigation by the Government indicated that they were presumptively worthy of trust and confidence as responsible law-abiding citizens. The special privilege which they thus received and the obligations to which it gave rise only aggravated their breach of trust and rendered their law breaking the more culpable. By being permitted to keep intoxicating liquors lawfully on their premises, the secret and illegal dispensing of such commodities was facilitated, since the defendants were thereby relieved from the suspicion that would ordinarily arise from the mere possession of liquors by an unlicensed person. A betrayal of the trust reposed in him by the beneficiary of such a privilege leaves him without a standing in equity to protest the full applica-

tion to his case of the remedial provisions of the law. So far as the defendant drug store proprietors are concerned, therefore, we have no hesitancy in granting the injunction which the Commonwealth asks.

As to the defendant Sarah Mayer, it may be conceded that she had no actual personal knowledge of the violations of law that were being committed upon the premises by her tenants. She intrusted the care of her interests to the hands of an agent, and, for the purposes of this litigation, it may be assumed that the agent was likewise ignorant of the conditions in this regard which existed upon the property in its charge. It cannot be doubted, however, that it could easily have informed itself of the illegal practices of the tenants, especially in view of the flagrant manner in which the law was violated by them. Whatever effect the injunction may have upon her interests, it is a risk incident to ownership. Equity might, in some circumstances, withhold a padlocking injunction because of the unmerited injury it might inflict upon a landlord, as, for instance, in the case of a sporadic and occasional use of property by a tenant in violation of law, of which the landlord, in fairness, could not and should not be expected to be cognizant. In circumstances such as the present, however, we see no reason for doing so. In addition, these tenants hold the premises under a long-term lease which has several years yet to run. The landlord has parted with her right to the possession and enjoyment of the property, upon which alone the injunction will operate, and she cannot, therefore, be legally injured by it. Her right to rent would not ordinarily be defeated by the tenant's misconduct, and there is nothing to indicate that either the lease or the relations between the parties to it, as to which we have no concern, would alter the situation.

We, therefore, reach the following

### Conclusions of law.

1. That intoxicating liquor, to wit, whiskey and gin, having been stored, possessed and sold for beverage purposes recurrently, habitually and continuously in the drug store on the first floor of the buildings of the defendant, situate at the southeast corner of Broad and Spruce Streets, in the City of Philadelphia, State of Pennsylvania, the premises described in the bill of equity aforesaid, the first floor of said building occupied and conducted as a drug store, is hereby directed to be a common nuisance within the meaning of section 6 of the Act of March 27, 1923, P. L. 34.

2. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a permanent injunction restraining the defendants, Leon A. Spielman and Louis May, themselves or by their agents, servants and employees, from manufacturing, selling, offering for sale, bartering, furnishing or possessing any intoxicating liquor for beverage purposes in or upon the premises described in the third paragraph of the said bill in equity.

3. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a decree ordering the aforesaid common nuisance to be abated, and that the store occupied and conducted as a drug store at the southeast corner of Broad and Spruce Streets, in the City of Philadelphia, shall not be occupied or used for one year.

4. That the cost of this proceeding be paid by the defendants.

### Decree.

And now, to wit, Nov. 15, 1928, this cause having come on to be heard upon bill, answers and proofs, it is ordered, adjudged and decreed:

1. That the common nuisance existing on the premises herein described be abated.

2. That the defendants herein and their agents, servants and employees be forthwith enjoined and restrained from using and maintaining, or assisting in using and maintaining, the premises described in the bill in equity filed herein as a place where intoxicating liquor is manufactured, sold, furnished or possessed.

3. That the store located on the first floor of the building erected on the southeast corner of Broad and Spruce Streets, in the City of Philadelphia, shall not be occupied or used for a period of one year from the date of this decree, and that the sheriff shall enter the said premises and lock and bar the said premises by placing padlocks upon all doors and entrances of the said building, and shall place on the outside thereof a copy of this decree.

4. That the said defendants, Leon A. Spielman and Louis May, trading as the Stenton Pharmacy, proprietors of the said business, be enjoined and restrained from manufacturing, selling, offering for sale, furnishing or possessing any intoxicating liquor contrary to the provisions of the Act of March 27, 1923, P. L. 34, at any place within the County of Philadelphia.

5. That the defendants pay the costs.

The prothonotary will enter this decree *nisi* and give notice of the same to the parties or their counsel, and if no exceptions are filed within ten days thereafter, either party may present to the court a form of final decree then to be entered.

NOTE.—Dec. 17, 1928, exceptions dismissed by court *in banc*.